IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARKEL INSURANCE COMPANY          §
                                  §
v.                                §  CIVIL ACTION NO. 4:08-CV-758-Y
                                  §
S.T.C.G., INC., d/b/a SPIRIT OF   §
TEXAS CHEER & GYMNASTICS, ET AL.  §

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court are a Motion for Default Judgment (doc. #35) and a Renewed Motion for Summary Judgment (doc. #58) filed by plaintiff Markel Insurance Company ("Markel"). By the latter motion, Markel seeks entry of a judgment declaring that it owes defendant S.T.C.G., Inc., neither a duty to defend nor a duty of indemnification in a lawsuit filed in a Texas state court ("the Underlying Suit") by defendant Carriel Collins. After review, the Court concludes that Collins's claim in the Underlying Suit against S.T.C.G. is excluded from coverage. Additionally, the Court concludes that, having ruled on Markel's duty to defend and indemnify in the Underlying Suit, default judgment against Collins is now appropriate. Consequently, the Court will grant both the motion for summary judgment and the motion for default judgment.


I.  Background

This declaratory-judgment action arises out of a lawsuit filed in a Texas state district court by Carriel Collins against S.T.C.G., a cheerleading and gymnastics facility. Collins also names Spieth Anderson International, Inc.; Spieth Anderson, U.S.A., LLC (together

"the Spieth defendants"); and Ross Athletic Supply, Inc. ("Ross"),
as defendants in the Underlying Suit. (Mot. App. at 99.) The
factual allegations in Collins's petition in the Underlying Suit are
sparse: He seeks recovery "for personal injuries suffered by him
while in the employ of [S.T.C.G.], on October 17, 2006." (*Id.* at
102.) According to Collins, he

> suffered an injury which was proximately caused by the
> Defendants. Plaintiff is now in a quadriplegic state.
> Defendant [S.T.C.G.] was a non-subscriber to the worker's
> compensation laws, and [Collins] brings [the Underlying
> Suit] against [S.T.C.G.] under Tex. Lab. Code § 406.033.
> On or about October 17, 2006, [Collins] was injured while
> using equipment sold and manufactured by Defendants
> Spieth Anderson USA, Spieth Anderson International, and
> Ross. Namely Collins was using a Ross Tumble Trap and a
> Spieth Anderson resi-pit mat. Said equipment was defec-
> tive . . . to the point that it was unreasonably danger-
> ous to [Collins]. Further, said defective equipment was
> a proximate cause of [Collins's] injuries."

(*Id.*) Collins goes on to allege that "[S.T.C.G.] was guilty of
negligence and said negligence was a proximate cause of the occur-
rence in question." (*Id.* at 106.) Collins also alleges strict
products liability as to Ross and the Spieth defendants, contending
that the equipment in question "failed to perform as safely as an
ordinary consumer would expect in [its] intended or reasonably
foreseeable use or manner of operation." (*Id.* at 103.)

S.T.C.G. is the insured under a commercial general-liability
policy ("the CGL policy") issued by Markel. By its summary-judgment
motion, Markel seeks a declaratory judgment that it owes S.T.C.G.
neither a duty to defend nor a duty of indemnification in the

Underlying Suit.  Markel is currently defending S.T.C.G. in the Underlying Suit under a reservation of rights.  But Markel insists that it owes S.T.C.G. no duty to defend because the events alleged in the Underlying Suit fall within multiple exclusions in the CGL policy.  And Markel insists that, for the same reason, it owes S.T.C.G. no duty of indemnification.

## II.  Discussion

### A.  Standards of Law

#### 1.  Summary-Judgment Standard

When the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," summary judgment is appropriate.  FED. R. CIV. P. 56(c).  An issue is considered "genuine" if "it is real and substantial as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001).  Facts are considered "material" if they "might affect the outcome of the suit under governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990).  Next, the Court must review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving

party. *Id.*; *Newell v. Oxford Mgmt. Inc.*, 912 F.2d 793, 795 (5th Cir. 1990).

In making its determination on the motion, the Court must look at the full record including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *See* FED. R. CIV. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Rule 56, however, "does not impose on the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). Thus, parties should "identify specific evidence in the record, and . . . articulate" precisely how that evidence supports their claims. *Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994). Further, the Court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

To prevail on a summary-judgment motion, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has carried its summary-judgment burden, the respondent must go beyond the pleadings and by his own evidence set forth specific facts showing there is a genuine issue for trial. *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222 (5th Cir. 2004) (citing

4

*Celotex*, 477 U.S. at 324); *see also* FED. R. CIV. P. 56(e). This burden is not satisfied by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50.

### 2. Texas Insurance Law

The parties have argued this case in terms of Texas law and thus appear to agree that Texas law governs this dispute. Under Texas law, the duty to defend and the duty to indemnify are separate duties. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). Consequently, an insurer may have a duty to defend but ultimately be found to owe no duty of indemnification. *See id.*

As to the duty to defend, the insured bears the initial burden to establish that his claim is covered. *See Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008). In determining whether a claim is covered, and thus a duty to defend owed, Texas follows the "eight-corners" rule. *Id.* That is, in determining whether a duty to defend exists, courts are generally constrained to comparing the four corners of the policy to the four corners of the pleadings in the underlying suit against the insured.

*See id.; see also GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).

"[I]n reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." *Merchants Fast Motor Lines v. Nat'l Union Fire Ins. Co.*, 919 S.W.2d 903, 905 (Tex. 1996). "It is not the cause of action alleged that determines coverage but the *facts* giving rise to the alleged actionable conduct." *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex. App.--Houston [14th Dist.] 1993, writ denied) (emphasis on original). And the factual allegations in the underlying pleadings are accepted as true. *See Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2000).

Overall, the eight-corners rule is "very favorable to insureds" because doubtful cases are resolved in favor of coverage. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008); *see also United Nat'l Ins. Co. v. Hydro Tank, Inc.*, 497 F.3d 445, 448 (5th Cir. 2007). "Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within coverage of the policy." *Heyden Newport Chem. Corp. v. S. Gen. Ins*. Co., 387 S.W.2d 22, 26 (Tex. 1965).

Once the insured establishes coverage, the insurer bears the burden of establishing that an exclusion applies. *See Noble Energy,*

*Inc.*, 529 F.3d at 645. Insurance policy exclusions are narrowly construed in favor of coverage. *See Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991).

B. Analysis

1. Whether the Underlying Suit is Covered

As the insured, S.T.C.G. has the initial burden of showing that the injury alleged by Collins in the Underlying Suit is covered. But Markel did not raise this issue in its brief, instead arguing only that the allegations of the Underlying Suit are excluded under various provisions of the CGL policy. S.T.C.G. does not address the issue of coverage in its response. Hence, the Court assumes, for the purposes of ruling on the current motions, that coverage is not disputed.

2. Applicability of Exclusions

a. Workers'-Compensation Exclusion

Section I, paragraph 2.d states that there is no coverage under the CGL policy for "[a]ny obligation of the insured under a workers' compensation . . . law or any similar law." (*Id.*) Markel refers to this as the Workers'-Compensation Exclusion. Collins cites Texas Labor Code section 406.033 as the basis for his negligence claim against S.T.C.G. Under section 406.033, an employer that is not a subscriber to the Texas workers'-compensation system is stripped of

certain common-law defenses, such as the employee's contributory negligence and assumption of the risk, in defending against claims by injured employees. *See* Tex. Lab. Code § 406.033.

Markel points out that this Court has previously concluded that a negligence claim invoking section 406.033 of the Texas Labor Code arises out of Texas workers'-compensation law, rather than Texas common law. *See Dean v. Texas Steel Co.*, 837 F. Supp. 212, 214–15 (N.D. Tex. 1993) (Means, J.). Further, Markel argues that one court has applied the workers'-compensation exclusion of an insurance policy to exclude from coverage a claim brought under section 406.033. In *Illinois Nat'l Ins. Co. v. Hagendorf Construction Co.*, 337 F. Supp. 2d 902 (W.D. Tex. 2004) the court observed that "[t]he defenses and burden of proof applicable in nonsubscriber cases are dictated by Texas Labor Code § 406.033" and that, pursuant to that section, "nonsubscribing employers are not allowed to avail them-selves of certain common-law defenses, such as contributory negli-gence, the fellow servant rule, or assumption of the risk." *Illinois Nat'l Ins. Co. v. Hagendorf Constr. Co.*, 337 F. Supp. 2d 902, 904–05 (W.D. Tex. 2004). Given these characteristics of a claim under section 406.033, the *Hagendorf* court concluded that "when an employee . . . brings a negligence suit [under section 406.033] against his nonsubscribing employer, such a suit arises under the Texas Worker's Compensation Act." *Id.* at 905.

S.T.C.G. argues that the allegations in Collins's state peti-
tion, taken as true, are insufficient to establish that Collins was
acting in the course and scope of his employment at the time he was
injured.  Collins alleges merely that he was "in the employ" of
S.T.C.G. at the time he was injured and that he was "using" certain
gymnastics equipment.  Collins does not allege that he was acting
at the direction of S.T.C.G. or in furtherance of S.T.C.G.'s busi-
ness at the time he was injured.  Indeed, Collins does not allege
who owned the gymnastics equipment, where he was using it, why he
was using it, or even how he was using it.  As S.T.C.G. points out,
it is impossible to tell from Collins's factually sparse petition
whether he was using the equipment for an intended or authorized
purpose.

Admittedly, applying an exclusion based on the legal theory
invoked in the underlying suit rather than the facts pled there
seems to run counter to the Texas insurance-law principle that a
court is to focus on the facts alleged rather than the legal theo-
ries asserted in applying the eight-corners rule.  However, it is
also a fundamental principle of insurance law that an insurance
policy is to be interpreted and applied according to the "rules of
construction [that] are applicable to contracts generally." *Barnett
v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987).  And a
contract is a consensual agreement in which each party must consent
to the terms.  *See Schriver v. Texas Dep't of Transp.*, 293 S.W.3d

846, 851 (Tex. App.--Fort Worth 2009, no pet.) (discussing contract formation under Texas law). In this case, the parties agreed to an exclusion--the Workers'-Compensation Exclusion--the application of which turns on the legal theory invoked in the underlying suit, rather than on its factual pleadings.

The distinction can be seen by comparing *Hagendorf* to Texas cases applying the principle that a court looks to the facts pled in the underlying suit, rather than its legal theories, in reviewing the duty to defend. For instance, in *National Union Fire Ins. Co. v. Merchants Fast Motor Lines* the Texas supreme court was faced with a CGL policy that provided coverage to a trucking company for "bodily injury . . . caused by an accident and resulting from ownership, maintenance or use of a covered auto." *Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 141. A driver of the insured company allegedly negligently discharged a gun while operating a company truck. *Id.* at 141-42. Thus, the supreme court resolved the issue of the insurer's duty to defend by assessing whether alleged facts, taken as true, potentially alleged an injury "resulting from" the "use" of a covered auto. *Id.*

But in this case, as in *Hagendorf*, the applicability of the relevant policy provision does not turn on the facts alleged. Rather, under the CGL policy, coverage is excluded for "any obligation of the insured under a workers' compensation [law]," (Mot. App. at 45.) regardless of the facts that support or create that obliga-

10

tion. **Collins expressly relies on section 406.033 as the basis for his claim against S.T.C.G.**, and, therefore, any recovery on his claim would be an obligation under Texas's workers'-compensation law. *See Hagendorf Constr. Co.*, 337 F. Supp. 2d at 904-05; *Dean,* 837 F. Supp. at 214-15.

S.T.C.G. argues that *Hagendorf* is distinguishable because in that case the injured employee specifically alleged that he was acting in the course and scope of his employment at the time of his injury. *See Hagendorf Constr. Co.*, 337 F. Supp. 2d at 903. But the *Hagendorf* court's analysis in no way relies on this fact. *See id.* at 904-05. Instead, in concluding that the workers'-compensation exclusion at issue applied, the *Hagendorf* court noted that the exclusion applied to claims for which the insured employer could be held liable under a workers'-compensation law, that the employee brought his claim under section 406.033, and that such a claim is provided for by Texas workers'-compensation law. *See id.*

Perhaps the strongest argument against applying the Workers'-Compensation Exclusion, and one that S.T.C.G. does not make, is that *Hagendorf* is one case--and a federal district court case at that-- among conflicting authority on the issue of whether a successful negligence claim under section 406.033 creates an obligation under Texas workers'-compensation law. *See Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel*, No. 1:07-CV-108-C, 2008 U.S. Dist. LEXIS 117268 (N.D. Tex. June 18, 2008); *Robertson v. Home State County*

11

*Mut. Ins. Co.*, 2010 U.S. Tex. App. LEXIS 5628 (Tex. App.--Fort Worth 2010, no pet. h). The Texas supreme court has not addressed the issue of whether a claim under section 406.033 is a claim under workers'-compensation law for the purposes of an insurance-policy exclusion. "When adjudicating claims for which state law provides the rules of decision. . . [federal courts] are bound to apply the law as interpreted by the state's highest court. When the state's court of last resort has yet to speak on an issue . . . our task is to determine, to the best of our ability, how that court would rule if the issue were before it." *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991).

One judge in this district has declined to follow *Hagendorf*, reasoning that *Hagendorf* was decided after the effective date of the policy at issue, and that, thus, the insurer could not have intended that claims under section 406.033 would be excluded based on *Hagendorf. Rentech Steel*, 2008 U.S. Dist. LEXIS 117268, at *26. That judge further observed that even with *Hagendorf*, the case law was unsettled and that many courts dealing with the issue both before and after *Hagendorf* have declined to adopt its reasoning. *See id.* at *26-*28.

But the effective date of the CGL policy in this case was well after *Hagendorf*, making Markel's intent, as the undoubted drafter of the policy terms (and presumably aware of current case law in the area), likely to be the exclusion of a claim under section 406.033.

(Mot. App. at 42 (disclosing effective date of 12/20/2005).) The most persuasive analysis of whether a workers'-compensation exclusion applies to a claim under section 406.033, and the most applicable to this case, is that of the Fort Worth Court of Appeals in *Robertson v. Home State County Mutual Insurance Company*, NO. 2-08-280-CV, 2010 Tex. App. LEXIS 5628 (Tex. App.–-2010, no pet h.). In *Robertson*, that court distinguished Texas cases decided after *Hagendorf* that had declined to follow its reasoning. An important part of the reasoning in *Rentech Steel* was that the Texas supreme court had declined to adopt *Hagendorf*'s reasoning in *Kroger v. Keng*, 23 S.W.3d 347 (Tex. 2000). *See Rentech Steel*, 2008 U.S. Dist. LEXIS 117268, at *27. But as observed in *Robertson*, the Texas supreme court did not, in deciding the issues then before it, have to determine "whether a suit under section 406.033 is 'an action to collect workers' compensation benefits under the workers' compensation laws of this state.'" *Robertson*, 2010 Tex. App. LEXIS 5628, at *15. Thus, the Texas supreme court's decision not to adopt the reasoning of *Hagendorf* could hardly be seen as an indictment of it.

The Texas supreme court did, however, address section 406.033 in *Keng*, and, as observed in *Robertson*, its discussion lends support to the conclusion that recovery obtained against a nonsubscribing employer by an employee under section 406.033 for injuries suffered in the course and scope of employment is an "obligation" for which the employer is liable under workers'-compensation laws. The

*Robertson* court explains that, in *Keng*, the Texas supreme court stated "that section 406.033 'governs' an employee's personal-injury action against a nonsubscriber and acknowledg[ed] that the legislature intended in section 406.033 to delineate explicitly the structure of an employee's personal-injury action against his or her nonsubscribing employer." *Id.* at *16. Ultimately, the *Robertson* court concluded that an employee's negligence claim against its nonsubscribing employers implicates section 406.033 because that section governs both the burden of proof required of the employee and the defenses available to the employer. Thus, an obligation resulting from such a negligence claim is an obligation under workers'-compensation law. *See id.* at *21-*22.

*Robertson* is particularly persuasive in that it deals with a workers'-compensation exclusion with almost identical wording to that at issue in this case. *See id.* at *2. The *Robertson* policy excluded from coverage "any obligation for which the insured . . . may be held liable under any workers compensation . . . or similar law." *Id.* And the *Robertson* court disavowed the broader holding in removal cases such as *Dean*, which concluded in the context of 28 U.S.C. § 1445, a removal statute, that a negligence claim by an employee against a nonsubscribing employer under section 406.033 "arises" under Texas workers'-compensation law. *See id.* at *17-*18. Although the *Robertson* court found such cases persuasive, it held more narrowly that a negligence claim under section 406.033, because

of its invocation of the burdens and limitations of Texas workers'-compensation law, is an obligation for which the employer is liable under workers' compensation law within the meaning of the exclusion before it.

Finally, although as noted in *Rentech Steel* there have been cases since *Hagendorf* that have refused to adopt its reasoning or to apply a worker's-compensation exclusion to a claim under section 406.033, the bulk of the authority supports the exclusion. As set out in *Robertson*, first, several federal courts have concluded that a claim under section 406.033 arises under Texas workers'-compensation law; second, the Texas supreme court's discussion in *Keng* supports the conclusion that negligence by an employee against an nonsubscribing employer is governed by Texas workers'-compensation law; and third, Texas courts in other contexts have recognized that a negligence claim under section 406.033 is brought under Texas workers'-compensation law. *Robertson*, 2010 Tex. App. LEXIS 5628, at *15-*22; *see also Kroger Co. v. Keng*, 976 S.W.2d 882, 891 (Tex. App.--Tyler 1998) (concluding that "an employee's negligence action against his nonsubscribing employer is brought "under the workers' compensation laws of Texas [and] therefore subject to the exemption language" of section 33.002(c)(1) of the Texas Civil Practice and Remedies Code) *aff'd on other grounds* 23 S.W.3d 347. With the foregoing, the Court concludes that Collins's claim under section 406.033 seeks to create an obligation under Texas's workers'-compen-

sation law and is therefore within the CGL's workers-compensation exclusion.

b. Exclusions for Medical Expenses for Bodily Injury to an Insured

Markel also argues that the "Coverage C" section of the CGL policy excludes from coverage "expenses for 'bodily injury' . . . to an insured[,] to a person hired to do work for or on behalf of any insured[,] to a person injured while taking part in athletics[, or] excluded under Coverage A." (Mot. App. at 49.) This provision's reference to "Coverage A" incorporates the Workers'-Compensation Exclusion. Hence, for all of the reasons just discussed, Markel has no duty to defend S.T.C.G. for any claims by Collins for medical expenses.

Additionally, the policy provides that an S.T.C.G. employee is an "insured" under the policy. Collins alleges that he was "in the employ" of S.T.C.G. at the time of his injury. Consequently, Collins is an insured and for this additional reason, to the extent it seeks to recover medical expenses, the exclusion applies to him and his claim.

c. Duty to Indemnify

Both the Spieth defendants and S.T.C.G. argue that entry of summary judgment on the issue of Markel's duty to indemnify S.T.C.G.

is premature. Both argue that Collins's pleadings in the Underlying Suit leave open fact issues that could be resolved in such a way as to trigger Markel's duty to indemnify S.T.C.G. Collins alleges that he was injured while "in the employ" of S.T.C.G. and while "using" gymnastics equipment. S.T.C.G. and Spieth argue that under these allegations Collins was not necessarily injured while acting in the course and scope of his employment, and that Collins was not necessarily injured while using the equipment for an authorized or intended purpose.

But, as discussed more fully above, application of the Workers'-Compensation Exclusion does not turn on such factual issues. Instead, the Workers'-Compensation Exclusion excludes from coverage obligations under workers'-compensation law. Collins brought his claim under section 406.033 of the Texas Labor Code, and thus seeks to impose an obligation under Texas's workers'-compensation law. Whatever facts Collins offers in support of this claim, it will fall within the Workers'-Compensation Exclusion. Consequently, for the same reason that Markel owes no duty to defend S.T.C.G., no duty to indemnify could never be triggered by the Underlying Suit. *See Farmers Tex. County Mut. Ins. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997) (concluding that when no facts can be developed in the underlying suit that can trigger the duty to indemnify, the duty to indemnify is justiciable before the insured's liability is determined).

d.  The Spieth Defendants' Cross-Claims

In the Underlying Suit, Collins alleges that the gymnastics equipment he was using at the time of his injury was defective and that those defects caused his injury.  The Spieth defendants asserts a cross-claim against S.T.C.G. in the Underlying Suit for contribution.  The Spieth defendants are not insured under the CGL policy, and they do not allege that they were directly injured by S.T.C.G.  And the Spieth defendants' contribution claims against S.T.C.G. are wholly derivative of Collins's claim against S.T.C.G.  *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 935 (Tex. 1992) ("A defendant's claim of contribution is derivative of the plaintiff's right to recover from the joint defendant against whom contribution is sought.").  Thus, for all of the reasons already discussed, the Spieth defendants' cross-claim against S.T.C.G. does not trigger on Markel's part either a duty to defend S.T.C.G. or a duty to indemnify S.T.C.G.


e.  Default Judgment as to Collins

Markel has also filed a motion for default judgment against Collins.  Collins was served with process in this case but failed to timely respond to Markel's complaint.  *See* Fed. R. Civ. P. 12(a).  Accordingly, the clerk of Court entered Collins's default on the docket.  Markel filed a motion for entry of default judgment against Collins based on that default, seeking a declaration that Markel

18

owed S.T.C.G. no duty of defense or indemnification in the Underlying Suit and, as a result, that Collins could not recover any judgment he obtains in the Underlying Suit from Markel. Markel also sought by its motion for default judgment a declaration that it owes neither S.T.C.G. nor Collins, as an employee and thus an insured under the CGL policy, a duty of defense or indemnification for medical expenses for Collins's bodily injury due to application of the Coverage C portion of the policy, discussed more fully above.

The Court has yet to act on this motion out of concern that a ruling in Markel's favor prior to giving S.T.C.G. an opportunity to address Markel's potential duty to defend or indemnify S.T.C.G. in the Underlying Suit could unfairly deprive S.T.C.G. of the benefit of the CGL policy. Markel has not cited, nor has the Court found, any case in which a ruling was entered on the issues of the insurer's duty to defend and duty to indemnify based on the default of the plaintiff in the underlying suit. To the contrary, it appears that an insured is considered an indispensable party because of its interest in securing coverage. *See State Farm Mut. Auto. Ins. Co. v. Hugee*, 32 F. Supp. 665, 669 (E.D.S.C. 1940) (stating that rather than "being maintainable by the insurer against such group of [injured] persons as it may select for the purpose of obtaining a declaration of its status in respect to the claims of such persons" an "insured is the only indispensable party" to a declaratory-judgment action regarding a policy's coverage); *but see*

*Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1, 3-4 (W.D. Okla. 1978) (concluding that insureds were not indispensable parties to a declaratory-judgment action seeking a declaration of no coverage). Any default judgment against Collins defining the scope of Markel's duties to defend and indemnify S.T.C.G. under the CGL policy implicates S.T.C.G.'s interests. *See Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, 612, 615 (E.D. Tex. 2005) (discussing the duties to defend and indemnify as duties owed to a policyholder and noting that the injured plaintiffs is merely third-party beneficiary). And allowing S.T.C.G. to present arguments on the issues of Markel's possible duty to defend or to indemnify in the Underlying Suit before granting default judgment against Collins seemed particularly appropriate given that S.T.C.G.'s position on these issues was not otherwise represented before this Court. *Cf. Ace Am. Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537, 540 (S.D. Fla. 2003) (concluding that the injured party was not indispensable to the insurer's declaratory-judgment action because the insured, who was a party to the action, shared the injured party's objective of obtaining a declaration of coverage).

S.T.C.G. has now had its opportunity to present arguments regarding any duty of defense or indemnification Markel might owe in connection with the Underlying Suit. Having reviewed those arguments, the Court has concluded that Markel owes S.T.C.G. neither duty.

In its motion for default judgment, Markel states that Collins is not a minor, is not incompetent, and is not in the military. Thus, Markel has satisfied the remaining requirements for securing a default judgment against Collins. *See* 50 U.S.C. App. §§ 501, et seq; Fed. R. Civ. P. 55(b)(2). The Court will, therefore, grant the motion for default judgment. Markel owes S.T.C.G. neither a duty of defense nor of indemnification as set out above, Collins is bound to these rulings, and Collins cannot recover for medical expenses under the CGL policy as a result of the operation of the Exclusions for Medical Expenses for Bodily Injury to an Insured.

### f. Markel's Action as to Ross

Finally, the Court notes that Ross has defaulted and its default was entered on the docket on March 2, 2010. Markel's motion for summary judgment does not address its declaratory-judgment action as against Ross, and Markel has not filed a motion for entry of default judgment. Under the local rules, a plaintiff must file a motion for default judgment within ninety days of the defendant's default. *See* N.D. Tex. Loc. R. Civ. P. 55.1. Further, this case is set for trial on November 1, 2010.

In light of these circumstances, Markel must file its motion for default judgment as to Ross no later than August 30, 2010. In the event Markel fails to do so, the Court will dismiss the action as to Ross and enter final judgment in accordance with this order.

III.  Conclusion

Markel has established that the CGL's Workers'-Compensation Exclusion excludes from coverage Collins's claim against S.T.C.G. in the Underlying Suit.  Collins brings that claim under section 406.033 of the Texas Labor Code and, therefore, seeks to impose an obligation under workers'-compensation law.  Further, Markel has established that coverage for any medical expenses resulting from Collins's injury are excluded from coverage under the exclusion for medical expenses.  For these reasons, Markel owes S.T.C.G. no duty of defense in the Underlying Suit.  And regardless of what facts Collins might prove in the Underlying Suit in furtherance of his claim under section 406.033, these same reasons establish that Markel has no duty to indemnify S.T.C.G. in the Underlying Suit.

Accordingly, Markel's motion for summary judgment is GRANTED. And because the Court has ruled on these issues, it is now free to rule on Markel's motion for default judgment as to Collins, which the Court also GRANTS.

SIGNED August 19, 2010.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE